**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL ACTION NO.: |
| Plaintiff, | HONORABLE: |
| vs. | |
| GEORGE E. CANNON JR. | |
| Defendant, | |

# COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

## Jurisdiction

1. This court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

## Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 8626 Artesian Detroit, MI 48228.

## The Debt – Account No. 1999A18105

3. The debt owed to the United States of America is as follows:

    | | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $2,229.78 |
| B. Capitalized Interest Balance and Accrued Interest as of March 16, 2018 | $3,651.76 |
| C. Accrued Interest since March 16, 2018 | $ 62.72 |
| Owed | $5,843.26 |

**The Debt – Account No. 1999A14386**

4. The debt owed to the United States of America is as follows:

| | |
|---|---|
| *A.* Current Principal *(after application of all prior payments, credits, and offsets)* | $3,110.33 |
| B. Current Capitalized Interest Balance and Accrued Interest as of March 16, 2018 | $6,582.29 |
| C. Accured Interest since March 16, 2018 | $ 142.79 |
| Owed | $9,835.41 |
| **Total Owed** | **$15,778.67** |

The Certificates of Indebtedness, attached as Exhibit “A and B”, shows the total owed excluding attorney’s fees and CIF charges. The principal balance and interest balance shown on the Certificate of Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. For account 1999A18105 prejudgment interest accrues at the rate of 5.590% per annum and for account 1999A14286 prejudgment interest accrues at

the rate of 8.00% per annum.

**Failure to Pay**

5. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

D. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

E. For attorney's fees to the extent allowed by law;

F. Filing fee of $400.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

G. For such other relief which the Court deems proper.

Respectfully submitted,

By: *<u>/s/ Craig S. Schoenherr, Sr.</u>*____________
CRAIG S. SCHOENHERR, SR. (P32245)
Attorney for Plaintiff
O'Reilly Rancilio PC
12900 Hall Rd Ste 350
Sterling Heights, MI 48313
Phone: (586) 726-1000
Fax: (586) 726-1560
cschoenherr@orlaw.com

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #2 OF 2

George E. Cannon, Jr.
8626 Artesian St
Detroit, MI 48228-3006
Account No. xxx-xx-7549

I certify that U. S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 03/16/18.

On or about 07/11/88 the borrower executed promissory note(s) to secure loan(s) of $1,635.00 from Pennbank (St. Paul, MN). This loan was disbursed for $1,635.00 on 08/12/88 at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by Higher Education Assistance Foundation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.* (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 07/31/90, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,229.78 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 06/24/93, assigned its right and title to the loan to the Department.

Since the assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 2,229.78 |
| Interest: | $ 3,651.76 |
| Total debt as of 03/16/18: | $ 5,881.54 |

Interest accrues on the principal shown here at the current rate of 4.47% and a daily rate of $0.27 through June 30, 2018, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 03/16/18

Christopher Bolander
Loan Analyst/Litigation Support

EXHIBIT
A

[illegible]

GUARANTEED STUDENT LOAN (GSL) APPLICATION PROMISSORY NOTE

SECTION A - TO BE COMPLETED BY BORROWER [illegible]

NAME: CANNON Jr. GEORGE E

SOCIAL SECURITY NUMBER: 7549

WHEN WERE YOU BORN: 66

PERMANENT ADDRESS: 8626 ARTESIAN

PERMANENT HOME PHONE: (313) 532-3859

CITY: DETROIT STATE: MICHIGAN ZIP: 48228

PERMANENT RESIDENT OF WHICH STATE: MICHIGAN

DRIVER LICENSE NUMBER: C 760 STATE: MICHIGAN

ADDRESS WHILE IN SCHOOL: 8626 ARTESIAN DETROIT Michigan 48228

PHONE: (313) 532-3859 15

LOAN AMOUNT REQUESTED: $2625 00

LOAN PERIOD: FROM 8 88 TO 10 88

PRIOR LOAN INFORMATION

[illegible] X NO X NO $ [illegible]

REFERENCES

| Eldon P. Reab | Willetta Bates | Maxine Bates |
|---|---|---|
| 17459 Washburn | 9260 Grace | 14725 Joy Rd. |
| Detroit, MI 48221 | Detroit, MI 48228 | Detroit, MI 48228 |
| (313) 342-2170 | (313) 272-0267 | (313) 581-7468 |

NOTICE TO BORROWER: [illegible]

SIGNATURE OF BORROWER [illegible]

X George E. Cannon Jr.

DATE BORROWER SIGNED: 9 11 88

SECTION B - TO BE COMPLETED BY SCHOOL

NAME OF SCHOOL: LAWTON SCHOOL
660 PLAZA DR. #2300
DETROIT, MI 48226

PHONE: (313) 961-7936 SCHOOL CODE: 012846 0005

LOAN PERIOD: 8 1 88 10 28 88

STUDENT GRADE LEVEL: X

ANTICIPATED GRADUATION DATE: 10 28 88

STUDENT STATUS: X

$ 5521 $ 5520 $ 1635 $ 1024 $ 2861

8 1 88

X X

AUDREY [illegible]
DIRECTOR OF FINANCIAL AID

SECTION C - TO BE COMPLETED BY LENDER

Pennbank, c/o Loan Origination Center

LENDER CODE: 808654

P.O. Box 64788, St. Paul, MN 55164-0788 (612) 291-8480

SECTION D - TO BE COMPLETED BY HEAF

APP. REVIEW

AUG 09 1988

REVIEWED #8

GSL PROMISSORY NOTE

## AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly

1. Warrants that
   a) no defense of any party is good against the undersigned, and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF
2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.
3. Acknowledges that
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement, and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE X

TITLE HSCA Claims Supervisor DATE JUL 1 8 1991

F0025 10/87

[illegible] Guaranteed Student Loan Program (GSLP). [illegible]

[illegible] the Secretary will pay the interest that accrues [illegible] during any period [illegible] Deferment in this Note. [illegible]

PREPAYMENT

[illegible]

The within note and related documentation is subject to a Uniform Commercial Code Security Agreement between Western Loan Marketing Association (WLMA), the owner of said note, and documentation, and United Bank of Arizona, as Trustee, under a Trust Indenture dated as of Feb. 1, 1988, between WLMA and the Trustee. A Financing Statement evidencing the security interest therein has been filed of record in the manner provided for by 20 U.S.C. 1087-2(d)(3).

G. FORBEARANCE

[illegible] in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act and regulations [illegible] and the Rules and Regulations of HEAF. [illegible]

DEFAULT

[illegible]

The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable.

The lender, holder or guaranty agency may disclose to schools I have attended [illegible] information about the default.

I will be ineligible to receive assistance from any of the following federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly called National Direct Student Loan), Guaranteed Student Loan (GSL), Supplemental Loan for Students (SLS), PLUS loans, or Consolidation loans.

I will be ineligible for the benefits described under Repayment and Deferment in this Note.

I will [illegible] pay all charges and other costs, including attorney's fees, that are permitted by State law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date.

The lender may assign this Note to HEAF. I will then be required to pay HEAF all amounts owed.

LATE CHARGES

If permitted by law, the lender may collect from me a late charge if I fail to pay all or part of a required installment payment within 10 days after it is due or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Deferment in this Note. A late charge may not exceed 5 cents for each dollar of each late installment.

CREDIT BUREAU NOTIFICATION

Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan, the lender, holder or guaranty agency will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit. The lender, holder or guaranty agency must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within the 30 days. The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct: I, the borrower, certify that the information contained in my application for this loan is true, complete and correct to the best of my knowledge and belief and is made in good faith. [illegible]

SCHOOL CERTIFICATION

[illegible]

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #1 OF 2**

George E. Cannon, Jr.
8626 Artesian St
Detroit, MI 48228-3006
Account No. xxx-xx-7549

I certify that U. S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 03/16/18.

On or about 07/11/88 the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from Pennbank (St. Paul, MN). This loan was disbursed for $2,625.00 on 08/12/88 at 8.00% interest per annum. The loan obligation was guaranteed by Higher Education Assistance Foundation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.* (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 06/02/91, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,110.33 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 05/13/93, assigned its right and title to the loan to the Department.

Since the assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 3,110.33 |
| Interest: | $ 6,582.29 |
| Total debt as of 03/16/18: | $ 9,692.62 |

Interest accrues on the principal shown here at the rate of $0.68 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 03/16/18

Christopher Bolander
Loan Analyst/Litigation Support

EXHIBIT
B

HIGHER EDUCATION ASSISTANCE FOUNDATION
BOX 64107 • ST. PAUL, MN 55164

Lender completes application, mail HEAF copy only to this address.

LENDER COPY

SUPPLEMENTAL LOAN FOR STUDENTS (SLS) APPLICATION/ PROMISSORY NOTE

SECTION A - TO BE COMPLETED BY BORROWER (PRINT IN INK—PRESS FIRMLY—OR TYPE)

NAME (NO NICKNAMES): CANNON JR. FIRST GEORGE MI E.

2. SOCIAL SECURITY NUMBER: [redacted] 7549

3. WHEN WERE YOU BORN? MO [redacted] DAY [redacted] YR 66

PERMANENT ADDRESS: 3626 ARTESIAN

5. PERMANENT HOME PHONE: (313) 582-3859

CITY: DEtroit STATE: MICHIGAN ZIP: 48228

CITIZENSHIP STATUS (CHECK ONE): U.S. CITIZEN OR NATIONAL ☐ PERMANENT RESIDENT OR OTHER ELIGIBLE ALIEN

ALIEN ID NUMBER IF APPLICABLE

7. PERMANENT RESIDENT OF WHICH STATE: MICHIGAN

8a. DRIVER LICENSE NUMBER (IF YOU DO NOT HAVE A LICENSE, PRINT "NONE" AND GO TO 9): C-[redacted] 760

8b. STATE IN WHICH ISSUED: MICHIGAN

ADDRESS WHILE IN SCHOOL (STREET, CITY, STATE, ZIP): 3626 ARtESIAN DEtroit MICHIGAN 48228

PHONE AT SCHOOL ADDRESS: (313) 582-3859

11. MAJOR COURSE OF STUDY: SEE INSTRUCTIONS IN APP. BOOKLET: 15

12. LOAN AMOUNT REQUESTED: $ 1635 .00

13. PERIOD LOAN WILL COVER: FROM MO 8 YR 88 TO MO 10 YR 88

PRIOR LOAN INFORMATION

14a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) PLUS LOANS? ☐ YES (GO TO 14b) ☒ NO (GO TO 18a)

14b. IF YES, TOTAL UNPAID PRINCIPAL BALANCE $

15. UNPAID PRINCIPAL BALANCE OF MOST RECENT SLS (ALAS) $

16. GRADE LEVEL OF MOST RECENT SLS (ALAS): SEE INSTRUCTIONS IN APP. BOOKLET

17. LOAN PERIOD START DATE OF MOST RECENT SLS (ALAS)

18a. DO YOU HAVE ANY PRIOR UNPAID GSL? ☐ YES (GO TO 18b) ☒ NO (GO TO 19a)

18b. IF YES, TOTAL UNPAID PRINCIPAL BALANCE $

19a. DO YOU HAVE ANY UNPAID PLUS LOANS IF YOU BORROWED AS A PARENT UNDER THE PLUS LOAN PROGRAM? ☐ YES (GO TO 19b) ☒ NO (GO TO 20)

19b. IF YES, TOTAL UNPAID PRINCIPAL BALANCE OF PLUS LOANS

20. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, PERKINS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? ☐ YES (GIVE DETAILS ON SEPARATE SHEET) ☒ NO

REFERENCES (YOU MUST PROVIDE THREE DIFFERENT NAMES, WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)

| | 21a (RELATIVE) | 21b (FRIEND) | 21c (RELATIVE) |
|---|---|---|---|
| NAME | WillEttA Bates | ElDon Pickens | MAXINE BAtES |
| STREET | 9560 BRACE 201# | 17409 WASHBURN | 14725 JOY RD. |
| CITY, STATE, ZIP | DEtroit MICHIGAN 48228 | DEtroit MICHIGAN 48221 | DEtroit MICHIGAN 48228 |
| PHONE | (313) 272-0267 | (313) 342-2170 | (313) 581-7468 |

22. IF YOU QUALIFY FOR A DEFERMENT, DO YOU WISH TO DEFER PRINCIPAL PAYMENTS WHILE IN SCHOOL? (IF YES, GO TO 23; IF NO, GO TO 24a) ☒ YES ☐ NO

23. YOUR LENDER MAY ALLOW THE INTEREST TO ACCRUE AND CAPITALIZE IT DURING THE DEFERMENT; OR YOUR LENDER MAY COLLECT THE INTEREST FROM YOU IN PERIODIC INSTALLMENTS. IF YOUR LENDER GIVES YOU A CHOICE, WHICH DO YOU PREFER? ☒ ACCRUE; CAPITALIZE ☐ PERIODIC INSTALLMENT PAYMENTS

*NOTE TO BORROWER: You must read the additional Promissory Note terms and the Borrower's Certification on the reverse side before signing this Promissory Note. PROMISE TO PAY: I promise to pay to the order of my lender the entire Loan Amount requested shown above, to the extent that it is advanced to me, including the Guarantee Fee and Interest on the unpaid principal balance, subject to the terms and conditions described on the reverse side of this Promissory Note and to the terms and conditions contained in the Disclosure Statement that will be provided to me no later than the time of the first disbursement of this loan. I have read, I understand, and I agree to the Borrower's Certification on the reverse side of this Promissory Note. I understand that this Promissory Note. I will not sign it before reading all of its provisions, even if otherwise advised. I am entitled to a copy of this Promissory Note. By signing this Promissory Note I acknowledge that I have received an exact copy of it.*

24a. SIGNATURE OF BORROWER (APPLICATION CANNOT BE PROCESSED WITHOUT SIGNATURE): George E. Cannon Jr.

24b. DATE BORROWER SIGNED: MO 7 DAY 11 YR 88

SECTION B - TO BE COMPLETED BY SCHOOL

NAME OF SCHOOL: LAWTON SCHOOL

ADDRESS (STREET, CITY, STATE, ZIP): 660 PLAZA DR. #2200 DETROIT, MI 48226

27. PHONE: (313) 961-7936

28. SCHOOL CODE: 012846

29. 0005

31. PERIOD LOAN WILL COVER: FROM MO 8 DAY 1 YR 88 TO MO 10 DAY 28 YR 88

32. STUDENT'S GRADE LEVEL (CHECK ONE): CORRESP. ☐ UNDERGRAD. ☒1 ☐2 ☐3 ☐4 ☐5 GRAD. ☐6 ☐7 ☐8 ☐9 ☐10

33. ANTICIPATED GRADUATION DATE: MO 10 DAY 28 YR 88

34. WILL THE BORROWER BE ENROLLED FULL-TIME DURING THE LOAN PERIOD? ☒ YES UNTIL (DATE) MO 10 DAY 28 YR 88 ☐ NO

35. STUDENT STATUS: ☐ DEPENDENT ☒ INDEPENDENT

36. COST OF ATTENDANCE FOR LOAN PERIOD: $ 5520

37. ESTIMATED FINANCIAL AID FOR LOAN PERIOD: $ 2625

38. DIFFERENCE (ITEM 36 LESS ITEM 37) OR LEGAL MAXIMUM: $ 2895

39. SUGGESTED DISBURSEMENT DATE: MO 8 DAY 1 YR 88

40. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? YES ☐ NO ☒

41. SCHOOL USE ONLY

I HAVE READ, I UNDERSTAND, AND I AGREE TO THE TERMS OF THE SCHOOL CERTIFICATION PRINTED ON THE REVERSE SIDE OF THIS APPLICATION.

42a. SIGNATURE OF SCHOOL OFFICIAL: X Audrey Gaylor

42b. DATE SIGNED: MO 8 DAY 4 YR 88

42c. PRINT NAME AND TITLE: AUDREY GAYLOR DIRECTOR OF FINANCIAL AID

SECTION C - TO BE COMPLETED BY LENDER

NAME OF LENDER: PENNBANK

ADDRESS (STREET, BUILDING): P.O. Box 64788

CITY, STATE, ZIP: St. Paul, MN 55164-0788

(612) 291-8460

45. LENDER CODE: 809854

46. BRANCH CODE

47.

48.

49. TOTAL LOAN AMOUNT APPROVED .00

50. DISBURSEMENT DATE: MO DAY YR

51. NUMBER OF MONTHLY INSTALLMENTS: 38

52. DUE DATE OF FIRST PAYMENT: MO DAY YR

53. LENDER ACCOUNT NUMBER

54. LENDER USE ONLY

55a. SIGNATURE OF LENDING OFFICIAL

55b. DATE SIGNED: MO DAY YR

55c. PRINT NAME AND TITLE

SECTION D - TO BE COMPLETED BY HEAF

APP. REVIEW

56. HEAF USE ONLY

4-87 -353

AUG 09 1988

P

57. PROMISSORY NOTE STATUS

58. CREDIT APPROVAL

CANNON JR, GEORGE, E
CLAIM NO 199309038525 3 06-24-93
SSN [redacted] 7549 TD 1

REVIEWED #5

## SLS PROMISSORY NOTE

### A. PROMISE TO PAY

The Interest and Guarantee Fee rates and terms (mentioned in the Promise to Pay on the front of this application/promissory note) are:

1. Interest. For a PLUS or SLS loan made for a period of enrollment beginning prior to July 1, 1987, the applicable interest rate is 12% per year. For loans made for periods of enrollment beginning on or after July 1, 1987, the interest will be equivalent to interest on the Loan Amount shown on the front of this application/promissory note, at a variable rate not to exceed 12 percent per year. The interest rate will be determined annually and will be disclosed to me prior to disbursement of my loan. The interest rate for any year will be the rate published for that year by the U.S. Department of Education for variable rate PLUS and SLS loans.

2. Guarantee Fee.

HEAF may charge a fee to guarantee my loan. The amount, if any, is governed by cur law, applicable regulations and HEAF policy and Rules and Regulations. The Guara Fee will be deducted from my check. I understand that this charge is not subject to re except for the amount attributable to any disbursement I do not receive which refund wi the lender's option, be applied to my loan balance or be returned to me. My loan disclo statement will show the actual guarantee fee charged.

I CERTIFY UNDER PENALTY OF PERJURY THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

### B. DISCLOSURE OF LOAN INFORMATION

I understand that before I receive my loan check, my lender will send me a loan disclo statement that identifies all the terms of my loan.

### C. GENERAL

I understand that the lender has applied for guarantee coverage of this loan througł Higher Education Assistance Foundation (HEAF) and because of this, the loan is subje and the terms of this Promissory Note will be interpreted in accordance with, Title IV, P of the Higher Education Act of 1965, as amended, ("the Act"), federal regulations ado under the Act, and the Rules and Regulations of HEAF. To the extent not governed by fec law, this Note shall be governed by the laws of the jurisdiction in which the lender is loca

### D. REPAYMENT

1. I understand I can either defer principal payments while in school or begin repayn immediately. These options are described below and my choice is indicated in #22 on front of this application/promissory note.

*Deferred Repayment.* If I answer YES to #22, I wish to defer repayment of loan principa reasons explained under Deferment in the HEAF application information booklet. (By the repayment period on this loan begins when the loan is disbursed with the first payn due within 60 days of disbursement.) However, during the period of deferment, interest sl at my lender's option, and in accordance with the terms and conditions on the disclos statement:

a. be paid by me in installments, or

b. accrue and be added to the principal amount of the loan (capitalized), no more often t quarterly, in accordance with laws and regulations governing the PLUS and SLS progra I will contact the lender prior to expiration of the period of deferment to negotiate the te of repayment. If I neglect to do so, I authorize the lender to establish repayment terms wi the guidelines set forth in Paragraph 2 of this Section, without my further approval; howe my lender must inform me of the terms in writing at the latest address which I have provi to the lender.

*Immediate repayment.* If I answer NO to #22, I agree to begin repaying loan principal interest within 60 days of disbursement.

2. I will repay this loan within 10 years of the date of this Note, over a repayment period t generally lasts at least 5 years but no more than 10 years. However, the following excepti to these rules apply:

a. The lender may require a repayment period shorter than 5 years if this is necessary ensure that during each year of the repayment period I—or, if both my spouse and I h GSLP, PLUS or SLS program loans outstanding, we—pay toward principal and interes least $600 or the unpaid principal balance of all such loans (plus interest) whichever is le

b. If I qualify for any deferment period described under Deferment in this Note, or if the len grants "forbearance", those periods will not be included in the 5- and 10-year periods m tioned above.

3. The particular terms and conditions of repayment that apply to this loan will be set forth in the loan disclosure statement that the lender will provide to me.

4. My obligation to repay this loan shall be cancelled if I die or become totally and permanently disabled.

### E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest which I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

### F. DEFERMENT OF PAYMENT

In certain instances authorized by the Act, the payments I am required to make as described under Repayment in this Note may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. If I seek such deferment, I agree to comply with the pertinent federal regulations and the Rules and Regulations of HEAF, including without limitation submission of required forms. The lender. I will remain responsible for payment of interest during any period of deferment which my lender may, (a) collect on a periodic basis or (b) add to the principal balance of the loan.

### G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment as described in this Note and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

Subject to a Custodial Agreement and related documents under a Master Security Agreement of Uniform Lenders Financing Association (WLMA), the debtor of securities and the Bank of Arizona, 2004, under an Ital and the Federal Bank of Arizona as of Feb. 1, 2005, under a Trust Agreement and the Standard Inst... under 1994 interest... by 20 U.S.C. 1087-2(d)(3).

### H. DEFAULT

1. Definition—I understand that under the Act, and HEAF Rules and Regulations, any of th following events is a default:

a. failing to make any installment payment when due, provided that this failure persists fo 180 days for a loan repayable in monthly installments or 240 days for a loan repayable i less frequent installments;

b. making any false representation for the purpose of obtaining this loan;

c. using the loan proceeds for other than educational purposes;

d. failing to enroll in the school that completed the application for the time identified as m loan period;

e. not notifying the lender immediately if I (a) drop to less than a half-time student, (b) chang my graduation date, (c) change my name, or (d) change my permanent address.

2. Consequences of default—If I default on this loan:

AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF
2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.
3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

| SIGNATURE | |
|---|---|
| X Gaylene F. Rose | |
| TITLE | DATE |
| Gaylene F. Rose, Claims Manager | 3/30/91 |

F0025 10-87

... inquiries to or respond to inquiries from my parents (under the SLS program), or pr or subsequent lenders or holders, with respect to my loan application and related doc ments. I also authorize the lender, subsequent holder, their agent or HEAF to release info mation and make inquiries to the persons I have listed in my loan application as reference for the purpose of learning my current address and telephone number. I also authorize th lender, subsequent holder, their agent or HEAF to check my credit and employment histo and to answer questions about their credit experience with me. I certify that the proceeds this loan will be used for educational purposes for the academic period stated on my loa application at the educational institution named on the application. I understand that I a responsible for repaying any funds that I receive which cannot reasonably be attributed meeting educational expenses related to attendance at that institution for the loan peric stated. I certify that if I am eligible to apply for a Pell Grant, that I have done so or that I ha requested my institution to estimate my eligibility for a Pell Grant. I certify that I am a bo now eligible for participation in the PLUS or SLS program and that I do not owe a refund any Title IV aid program. I further certify that I have read the materials explaining the feder guaranteed student loan program which have been provided to me and that I understa my responsibilities and my rights under that program.

### SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for en rollment or is enrolled as at least a half-time student, and is making satisfactory progress i a program determined to be eligible for this loan program. I further certify that the stude has been determined by this institution, under the regulations applicable to this loan pr gram, to be eligible for the loan applied for. I further certify that based upon records availab at this institution and due inquiry to the student, the student has satisfied the requiremen under the Selective Service Act necessary to receive financial aid, is not in default on a loan made under any Title IV student assistance program identified in 34 CFR Part 668, an is not liable for any refund of any grant made under any Title IV student assistance progra identified in 34 CFR Part 668. I further certify that this institution will comply with all appl cable provisions of federal law and the rules, regulations, policies, and procedures of HEA in the administration of this loan. The information provided in Sections A and B and th School Certification is true, complete, and correct to the best of my knowledge and belief